16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael Leon STERLING, Plaintiff-Appellant,
v.
John W. HAWLEY, et al., Defendants-Appellees.
 No. 93-1888.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1994.
 
 W.D. Mich., No. 92-00070; Quist, J.
 
 
 1
 W.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 BEFORE: MARTIN and BATCHELDER, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 4
 Michael Leon Sterling appeals a district court judgment dismissing in part and granting summary judgment for defendants in part in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Plaintiff sued the defendant Michigan correctional personnel alleging that he was deprived of a liberty interest in prison disciplinary proceedings and that he was subjected to cruel and unusual punishment as a result of those proceedings. Plaintiff sued defendants in their individual capacities and sought compensatory damages and declaratory and injunctive relief. Defendants moved to dismiss or for summary judgment, and plaintiff moved to strike the defendants' motion and filed a cross-motion for summary judgment. The magistrate judge recommended that defendants' motion be granted in part and denied in part. Both parties filed objections to the magistrate judge's report and recommendation. The district court adopted the magistrate judge's recommendation in part and granted defendants' motion to dismiss or for summary judgment in toto. Upon consideration, we conclude that the district court's judgment was proper.
 
 
 6
 Plaintiff's claim that a document enumerating the sanctions imposed in the prison disciplinary process is required under prison policy was properly dismissed. The prison policy in question does not provide a liberty interest protected by the Due Process Clause. See Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983). Moreover, summary judgment for defendants with respect to plaintiff's Eighth Amendment claim was proper under the totality of the circumstances of this case. See Mitchell v. Rice, 954 F.2d 187, 191 (4th Cir.) (per curiam), cert. denied, 113 S.Ct. 299 (1992). Finally, plaintiff's claims on appeal that he did not have adequate opportunity to respond to defendants' motion to dismiss or for summary judgment and that defendants submitted privileged evidence to the district court are without merit.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation